Filed 8/19/16  In re D.M. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>Defendant and Appellant. | F073014<br><br>(Super. Ct. No. 15CEJ600113-1)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald R. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Detjen, J. and Peña, J.

Appellant D.M., a minor, appeals from the juvenile court's denial of the request to seal her juvenile records under Welfare and Institutions Code[1] section 786.  Appellant contends the juvenile court failed to utilize the proper legal analysis.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2015, a juvenile wardship petition was filed under section 602, alleging appellant committed the crime of battery against her mother, M.H.  Appellant was initially placed on informal probation, but that probation was terminated and the petition was reinstated in June 2015.  Appellant then admitted the charge in the petition and, on August 6, 2015, was deemed a ward of the court and placed on probation under the supervision of the probation department until February 6, 2016.

Appellant's probation included several required terms and conditions.  These required appellant to engage in community service, write an essay, and pay a fine.  They also required appellant to attend school, obey curfew requirements, avoid consuming alcohol or taking drugs, and attend various counseling services, among other requirements.  At the August 6, 2015, disposition, a future hearing was set for January 6, 2016, to determine whether appellant's juvenile records would be sealed under section 786.

Prior to the January 6, 2016, hearing, a report and recommendation was submitted regarding whether appellant's records should be sealed.  The report noted that appellant had completed her essay and community service requirements.  However, it also noted that appellant had failed several drug tests taken as part of her counseling services, admitted to ingesting marijuana, dropped out of school without enrolling in a Local Conservation Corps program, and failed to regularly attend counseling once established.

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise noted.

The report concluded by noting "the former minor is scheduled to remain on probation until February 6, 2016, and it is this officer's hope that she completes treatment and counseling services," and recommended appellant's records not be sealed.

Appellant was not present at the January 6, 2016, hearing. After hearing from defense counsel, who asked only that a ruling be deferred as appellant continued her probation, the juvenile court denied the request to seal appellant's records. The court concluded "there are a lot of things that are missing in terms of not completing counseling, substance abuse, and the marijuana positive tests. There are some things she's done, but she's not completed probation. So I'm going to deny 786 relief as recommended."

This appeal timely followed.

## DISCUSSION

### *Standard of Review and Applicable Law*

Section 786 provides that if "a minor satisfactorily completes … a term of probation for any offense, the court shall order the petition dismissed" and "shall order sealed all records pertaining to that dismissed petition.…" (§ 786, subd. (a).) "For purposes of [section 786], satisfactory completion of … another term of probation described in subdivision (a) shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation and if he or she has not failed to substantially comply with the reasonable orders of supervision or probation that are within his or her capacity to perform." (§ 786, subd. (c)(1).)

Whether a juvenile has any new wardship findings or convictions, and whether a juvenile has "not failed to substantially comply" with the probation terms "that are within his or her capacity to perform," are factual matters. Findings of fact are reviewed for substantial evidence. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 694.)

3

Where a specific result is required absent a finding of specific facts, a decision unsupported by substantial evidence is necessarily an abuse of discretion. (*Id.* at p. 695.)

### *The Juvenile Court Did Not Abuse Its Discretion*

Appellant argues the juvenile court was required, and yet failed, to explicitly consider whether the terms of probation that appellant had not satisfactorily completed as of January 2016 were within her capacity to perform. We need not reach this issue, however, because appellant was not eligible to have her records sealed as of January 6, 2016, for a separate reason. Because she was not eligible, the juvenile court did not abuse its discretion in denying her request.

Under section 786, a juvenile offender's records may be sealed only upon "successful completion" of a period of supervision or probation. The records are sealed following a dismissal of the petition supporting the pending proceedings. (§ 786, subd. (a).) As such, under the plain language of the statute, the relevant term of supervision or probation must be completed first, before there is a determination whether such completion was successful. (See § 786, subd. (c)(1) [successful completion defined in part by conduct occurring "during the period of supervision or probation"].)

In this case, appellant's probation term was not scheduled to end until February 6, 2016. Accordingly, at the time of the hearing her term of probation was neither completed nor subject to dismissal. With the term of probation still proceeding, the court did not need to reach whether or not the term was successfully completed. Given the court was made aware of the fact that probation was still pending, and noted explicitly that appellant had "not completed probation," we find substantial evidence supports the trial court's conclusion that appellant was not eligible to have her records sealed under section 786.[2]

---

[2] Looking to the merits of appellant's explicit argument, there is no indication the court was unaware of the requirements of the law in effect on January 6, 2016. We presume the court was aware of and followed the controlling law. (See e.g., *People v.*

We note, however, that appellant is not without a remedy. She has the right to petition to seal her records under section 786 upon the actual completion of her probation term (§ 786, subd. (e)(2)) and, having already reached her eighteenth birthday, under section 781 as well (§ 781, subd. (a)(1)(A)).

## DISPOSITION

The order is affirmed.

---

*Carmony* (2004) 33 Cal.4th 367, 376-377 [discussing burden and presumption in context of motions to dismiss prior felony convictions].) Given the numerous outstanding failures to complete the terms of probation, including several failed drug tests, we find no abuse of discretion in the court's conclusion appellant had not successfully completed her probation at that time.